**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JOHN MOORE III**
**DOC# V02153,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　**Case No.: 3:17-CV-503-J-32PDB**

**C. NEEL, ET AL.,**

      **Defendants.**

_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

      **C. Neel** and **Sergeant Martaney** ("Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files this Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 17).[1] In Support of their Motion to Dismiss, Defendants state the following:

**STATEMENT OF FACTS**

1.　　John Moore III ("Plaintiff"), is an inmate within the Florida Department of Corrections whom is currently incarcerated at Apalachee Correctional Institution, East Unit, in Sneads, Florida.

2.　　Plaintiff filed the instant action on April 25, 2017 in this Court. (Doc. 1 at 1).

3.　　On May 15, 2017 Plaintiff filed an Amended Complaint with this Court. (Doc. 17).

4.　　Subsequently, undersigned counsel entered Notices of Appearance on behalf of the Defendants. (Docs. 25, 29).

---

[1] Each document filed in this case as part of the Electronic Case File will be referenced as "Doc." followed by the document number.

5.    Within his Amended Complaint, Plaintiff has brought causes of action Defendants for constitutional violations, negligence, and deliberate indifference under both Federal and Florida state law. (Doc. 17 at 27).

6.    Plaintiff's main claims stem from alleged abuse during an alleged incident which occurred on October 31, 2016. *See Id generally*.

7.    Plaintiff seeks compensatory and punitive damages against Defendants. *Id*. at 27-30.

## MEMORANDUM OF LAW

**I.    Defendants are entitled to Eleventh Amendment immunity to the extent they sued in their Official Capacity for damages.**

To the extent that Plaintiff is suing Defendants in their official capacity, Defendants are entitled to immunity under the Eleventh Amendment. A suit against a state employee in an Official Capacity is a suit against the State for Eleventh Amendment purposes. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In the absence of any waiver or express congressional authorization, which is not present in this case, the Eleventh Amendment prohibits a suit against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits. *Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490 (11th Cir. 1995). It is apparent that Florida has not waived its sovereign immunity nor consented to be sued in damage suits brought pursuant to § 1983. *See Gamble v. Florida Dep't of Health & Rehabilitative Servs.*, 779 F.2d 1509, 1513 (11th Cir. 1986). Florida has explicitly not waived its Eleventh Amendment immunity from suit in Federal Court. Fla. Stat. § 768.28(18) (2016). Accordingly, Defendants are immune from suit in its Official Capacity and all official capacity claims against them must be dismissed.

**II.      Plaintiff fails to state a claim against Defendant Neel.**

Within Plaintiff's Complaint, Plaintiff alleges that Defendant Neel ("Neel") is liable based on the idea that he did not act appropriately on Plaintiff's administrative appeal or through a theory of vicarious liability or *respondeat superior*. (Doc. 17 at 8-9, 21). Plaintiff alleges that Neel's actions amount to a violation of his 1st and 8th Amendment rights, gross negligence, and deliberate indifference.[2] *Id*. at 21. Plaintiff does not allege that Neel personally participated in the alleged injuries against Plaintiff, and rather attempts to assert liability against Neel merely by not properly responding to his grievance or supervising the individuals which caused him "harm." *Id*. Plaintiff's claims do not allow for claims against Neel as he did not personally participate in decisions made against Plaintiff. *See e.g. Thompson v. Willis*, 2016 WL 5339362, *2 (N.D. Fla. 2016) ("[f]iling a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance."). *See also Noel v. Hart*, 2013 WL 819736, *1 (S. D. Ga. 2013) (noting that "[a]n allegation that a grievance was filed with supervisory personnel is an insufficient basis for liability in a section 1983 cause of action."); *Haverty v. Crosby*, 2006 WL 839157, *5 (N.D. Fla. 2006) (reasoning that a supervisor is not liable for conduct brought to his or her attention by a grievance form, unless the knowledge imputed to the supervisor and the refusal to prevent the harm rises to the level of a custom, policy, or practice.).

Rather, to the extent that Plaintiff is attempting to allege that Neel is liable based on the doctrines of *respondeat superior* or vicarious liability, such claims are unavailable. *See Harvey v.*

---

[2] It appears that based on Plaintiff's "statement of claims" against Neel, Plaintiff is just stating "key words" which have legal connotations in an attempt to state a claim and "see what sticks." In carefully reading Plaintiff's claim, Plaintiff's statement makes no sense as he claims Neel is negligently acting with deliberate indifference while intentionally violating his constitutional rights. *See* (Doc. 17 at 21).

*Harvey*, 949 F. 2d 1127, 1129 (11th Cir. 1992) (citing *Monell v. Dep't of Soc. Srvcs.*, 436 U.S. 658 (1978)). *See also Collins v. City of Harker Heights*, 503 U.S. 115 (1992); *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). To be personally liable, the individual being sued must be a supervisor and must either "personally participate in the alleged constitutional violation, or there is a causal connection between the actions of the supervisor and the alleged constitutional violation." *Gray ex rel. Alexander v. Bostic*, 458 F. 3d 1295, 1308 (11th Cir. 2006). *See also Swint v. City of Wadley*, 51 F. 3d 988, 999 (11th Cir. 1995) (citing *Rivas and Zalter; Rivas v. Freeman*, 940 F. 2d 1491, 1495 (11th Cir. 1991)); *Zalter v. Wainwright*, 802 F. 2d 397, 401 (11th Cir. 1986).

At the outset, Plaintiff cannot attribute supervisory liability or *respondeat superior* to Neel because he is not a supervisor of the individual Defendants. Neel is an individual who, according to Plaintiff, works for the Florida Department of Corrections and is tasked with responding to administrative appeals. Neel does not stand in a capacity that is supervisory over the individual Defendants in this case.

An individual cannot be held liable for the omissions or actions of others, and a supervisor can only "be held liable for the actions of his subordinates under § 1983 if he personally participates in the act that causes the constitutional violation or where there is a causal connection between his actions and the constitutional violation that his subordinates commit." *Am. Fed'n of Labor v. City of Miami*, 637 F. 3d 1178, 1190 (11th Cir. 2011). To demonstrate a causal connection, Plaintiff must plead facts that plausibly show that the supervisor (a) had notice of a history of widespread abuse that he or she failed to correct; (b) instated a custom or policy that resulted in a violation of Plaintiff's constitutional rights; or (c) directed subordinates to act unlawfully or failed to stop them from doing so. *Cottone v. Jenne*, 326 F. 3d 1352, 1360

(11th Cir. 2003). "The deprivations that constitute widespread abuse sufficient to notify the supervising officials must be obvious, flagrant, rampant and of a continued duration, rather than isolated occurrences." *Brown v. Crawford*, 906 F. 2d 667, 671 (11th Cir. 1990). Vague and conclusory allegations are insufficient to support a claim for supervisory liability. *Gonzalez v. Reno*, 325 F. 3d 1228, 1235 (11th Cir. 2003). *See also Hall v. Smith*, 170 F. App'x 105, 108 (11th Cir. 2006) (stating that "[b]ecause Hall alleged no factual support for his conclusory statement that the City had a policy or custom of grossly inadequate supervision and training of its employees, the district court did not err in dismissing Hall's claims against the City"); *Townsend v. Heard*, 2016 WL 557844, *5 (N. D. Ala. 2016) (dismissing the plaintiff's supervisory liability claim because he alleged no facts to support his allegation that "[t]he defendants' improper custom or policy that encouraged sexual misconduct and coercion amounted to deliberate indifferent to Plaintiff's federal rights."). Ultimately, "[t]he standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." *Cottone*, 326 F. 3d at 1360.

In this case, Plaintiff does not allege any direct participation from Neel, and instead, Plaintiff attempts to attach liability based on an alleged causal connection based on failure to "properly respond" to Plaintiff's administrative appeals and take action on Plaintiff's behalf. (Doc. 17 at 21). However, Plaintiff has not appropriately described any causal connection that would attach liability to Neel

Even if Plaintiff did in fact file any grievances, case law is clear that the filing of grievances does not provide for claims of vicarious liability or *respondeat superior*. *See e.g. Thompson*, 2016 WL 5339362 at *2; *Noel*, 2013 WL 819736 at *1; *Haverty*, 2006 WL 839157 at *5. Rather, Plaintiff must demonstrate widespread abuse, a custom or policy resulting in the

violation of Plaintiff's constitutional rights, or direction from the supervisor(s) to act unlawfully. *Cottone*, 326 F. 3d at 1360. Plaintiff has described a single instance in which he was attacked by another inmate – allegedly at the behest of officers unrelated to Neel – and then allegedly suffered a lack of medical treatment after the fact. *See* (Doc. 17 *generally*). Such a claim does not amount to a claim of any constitutional violation through supervisory liability or *respondeat superior*.

Moreover, Plaintiff attempts to attribute supervisory liability to Neel based on actions from the allegations relating to the individual Defendants in this case without any allegations of personal participation from Neel. Thus, Plaintiff's Amended Complaint is entirely devoid of any allegations that Neel ordered the individual defendants to act against Plaintiff or a "custom or policy" existed, which can be attributed to Neel, which resulted in a violation of Plaintiff's constitutional rights.

At most, Plaintiff's allegations against Defendants relate to mere negligence in the supervision of the individuals, however, to establish a claim of deliberate indifference, Plaintiff must demonstrate a (1) subjective knowledge of a risk of serious harm and (2) disregard of that risk (3) by conduct that is more than mere negligence. *McElligott v. Foley*, 182 F. 3d 1248, 1255 (11th Cir. 1999). Subjective knowledge of the risk requires that Defendants be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Caldwell v. Warden, FCI, Talladega*, 748 F. 3d 1090, 1099-1100 (11th Cir. 2014). "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person kn[ew]." *Burnette v. Taylor*, 533 F. 3d 1325, 1331 (11th Cir. 2008). The 11th Circuit has determined that for a claim of deliberate indifference under § 1983 to be stated

against an individual, the actions of the individual must be "so grossly incompetent, in adequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Dang, by and through Dang v. Sherriff, Seminole County, Fla.*, __ F. 3d __, 2017 WL 1856069 (11th Cir. May 9, 2017) (citing *Rogers v. Evans*, 792 F. 2d 1052, 1058 (11th Cir. 1986)).

Even more problematic for Plaintiff is the fact that to state a claim for failure to under § 1983, Plaintiff must demonstrate that a policymaker or supervising official has actual or constructive knowledge of a need to supervise in an area, yet makes a deliberate choice not to take any action. *See Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011). *See also Keith v. DeKalb Cty.*, 749 F. 3d 1034, 1052 (11th Cir. 2014). Ultimately, "[t]o establish that a supervisor was on actual or constructive notice of a deficiency of training, '[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary.'" *Connick*, 131 S. Ct. at 1360 (quoting *Keith*, 749 F. 3d 1053).

Throughout Plaintiff's Amended Complaint, Plaintiff does not demonstrate a greater than a merely negligent degree of inaction by Neel and does not demonstrate, in sufficient fashion, "[a] pattern of similar constitutional violations by untrained employees." *Connick*, 431 S. Ct. at 1360. However, Plaintiff still falls short of meeting his burden to state a claim. Plaintiff's claims do not demonstrate that the alleged inaction of Neel resulted from actual or constructive knowledge and a deliberate choice not to correct the issues. Therefore, Plaintiff's claims against Neel should necessarily be dismissed as Plaintiff cannot state a claim for either vicarious liability or *respondeat superior*.

Plaintiff also fails to state a claim regarding Neel's responses to Plaintiff's administrative appeals. Within his Amended Complaint, Plaintiff alleges that he filed a direct grievance of reprisal pursuant to the Florida Rules of Administrative Procedure. *See* (Doc. 17 at 8-9). In

response to Plaintiff's administrative appeal, Plaintiff states that Neel informed Plaintiff that he failed to comply with the Florida Rules of Administrative Procedure as his appeal was not authorized under the Florida Administrative Code and that he needed to file a grievance with the institution first. *Id.* at 8. Based on Plaintiff's own allegations, Plaintiff fails to state a cause of action as it is apparent that based on an interpretation of its own Administrative Rules, Plaintiff failed to follow the proper grievance procedure. *See Food and Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132 (2000) (citing *Chevron, USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984)); *Auer v. Robbins*, 519 U.S. 452, 461 (1997); *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125-6 (1977); *Al-Amin v. Smith*, 511 F. 3d 1317, 1328 (11th Cir. 2008); *Pugliese v. Pukka Development, Inc.*, 550 F. 3d 1299, 1304-05 (11th Cir. 2008); *Lawson v, Singletary*, 85 F. 3d 502, 510 (11th Cir. 1996). *See also Pan Am. World Airways, Inc. v. Fla. Pub. Serv. Comm'n*, 427 So. 2d 716, 719 (Fla. 1983); *Clark v. State*, 395 So. 2d 525, 528 (Fla. 1981). Plaintiff's failure to follow the proper procedure described by the Florida Administrative Code does not amount to a constitutional violation or give rise to a civil claim against Neel.

Additionally, a prison grievance system does not provide an inmate with a constitutionally protected interest. *Charriez v. Secretrary, Florida Dept. of Corrections*, 596 F. App'x 890, 895 (11th Cir. 2015) (citing *Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011)). *See also Baker v. Rexroad*, 159 F. App'x 61, 62 (11th Cir. 2005); *Thomas v. Warner*, 237 F. App'x. 435, 437-38 (11th Cir. 2007); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"). A liberty interest does not arise merely from the existence of regulations creating an administrative remedy procedure. *Flick v. Alba*, 932 F.2d 728, 729 (8th

Cir. 1991) (per curiam). There is no legitimate claim of entitlement to a grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory. *Doe v. Moore*, 410 F.3d 1337, 1350 (11th Cir. 2005). The mere existence of a prison grievance procedure confers only procedural rights, not substantive rights, upon the inmates. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). The violation of a state statute which mandates only procedure does not necessarily rise to the level of a due process violation. *First Assembly of God v. Collier County, Fla.*, 20 F.3d 419 (11th Cir. 1994). Therefore, Plaintiff was not entitled to any specific response, and no due process or constitutional violation occurred merely by Neel's not responding to Plaintiff's improper administrative appeals.

Finally, even assuming that Neel was negligent, Plaintiff still fails to state a cause of action against Neel. To the extent Plaintiff is suing Neel for traditional tort claims in his capacity as a state employee, the Florida Statutes do not authorize suits against individuals other than agency heads. The Florida Statutes provide:

> (1) ... the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, *but only to the extent specified in this act*. ...

...

> (9)(a) ... The *exclusive remedy* for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state ... shall be by action against the governmental entity, or the *head* of such entity in her or his *official capacity,* ... of which the officer, employee, or agent is an employee, ....

§ 768.28, Fla. Stat. (2017) (emphasis added). Therefore, because the statute does not authorize suits against individuals other than agency heads, Plaintiff's claims against Neel under a theory of negligence must be dismissed.

**III.      Plaintiff fails to state a cause of action against Defendant Martaney.**

Plaintiff fails to state a cause of action against Defendant Martaney ("Martaney"). Within his Amended Complaint, Plaintiff states that sometime after he was assaulted by an inmate, Plaintiff was observed by Martaney to have several injuries, and Martaney did not take Plaintiff to medical or "contact the office in charge" after observing the injuries. (Doc. 17 at 12-14). There is no allegation that Plaintiff asked Martaney to go to medical. Plaintiff then alleges that based on Martaney's failure to act on Plaintiff's behalf, Martaney has been deliberately indifferent to Plaintiff's medical needs and further that he incited the inmate, which caused Plaintiff's injuries to attack Plaintiff. (Doc. 17 at 22). Plaintiff's allegations do not demonstrate any claim against Martaney for violation of his constitutional rights.

First, Plaintiff clearly fails to state a cause of action for inciting the alleged inmate to attack Plaintiff. Plaintiff's allegations within his Amended Complaint demonstrate that Martaney witnessed Plaintiff's injuries *after* Plaintiff had already been attacked by the inmate. *See* (Doc. 17 at 12-14). Plaintiff includes no allegations that Martaney was involved with the third-party inmate's decision to attack Plaintiff. As far as Plaintiff's allegations go, the inmate attacked Plaintiff for reasons completely outside of any interactions with officers. However, it is apparent that there is no connection between Plaintiff's allegations and Martaney.

Second, in order to demonstrate deliberate indifference, Plaintiff must demonstrate a (1) subjective knowledge of a risk of serious harm and (2) disregard of that risk (3) by conduct that is more than mere negligence. *McElligott*, 182 F. 3d at 1255. Subjective knowledge of the risk requires that Martaney be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Caldwell*, 748 F. 3d at 1099-1100. "[I]mputed or collective knowledge cannot serve as the basis for a claim of

10

deliberate indifference. Each individual defendant must be judged separately and on the basis of what that person kn[ew]." *Burnette*, 533 F. 3d at 1331. The 11th Circuit has determined that for a claim of deliberate indifference under § 1983 to be stated against an individual, the actions of the individual must be "so grossly incompetent, in adequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Dang, by and through Dang*, __ F. 3d __, 2017 WL 1856069 (citing *Rogers*, 792 F. 2d at 1058).

In this case, Plaintiff fails to demonstrate that Martaney's actions rise to a level of deliberate indifference. Plaintiff's allegations do not provide any timeframe between when Plaintiff was attacked and when Martaney observed Plaintiff. Likewise, Plaintiff's allegations specifically demonstrate that Martaney asked whether Plaintiff needed to go to medical. (Doc. 17 at 12). Plaintiff stated that he did not respond, and as a result he was not taken to medical. *Id.* at 12-13. Based on the facts presented, Martaney did not act with deliberate indifference as he specifically asked Plaintiff whether he wanted to go to medical, and Plaintiff declined to do so by remaining silent when asked. Martaney was not "so grossly incompetent, in adequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Dang, by and through Dang*, __ F. 3d __, 2017 WL 1856069. As a result, Plaintiff fails to state a cause of action against Martaney.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request that

Plaintiff's Amended Complaint be dismissed as described above.

Respectfully submitted,

**PAMELA JO BONDI**
**ATTORNEY GENERAL**
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
Erik.Kverne@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Defendants' Motion*

*to Dismiss Plaintiff's Amended Complaint* was e was e-filed electronically through CM/ECF on

October 23, 2017, and furnished by U.S. Mail to: John Moore III, DOC# V02153, Apalachee

Correctional Institution, East Unit, 35 Apalachee Drive, Sneads, Florida 32460-4166 on October

23, 2017.

/s/ Erik Kverne
Erik Kverne
Assistant Attorney General
Florida Bar No. 99829
